IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Mercer, ) | C/A No. 0:14-2607-RBH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Bryan P. Stirling, *Commissioner, South* ) | |
| *Carolina Department of Corrections*; Joseph ) | |
| McFadden, *Warden of Lieber Correctional* ) | |
| *Institution*, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Petitioner Kevin Mercer, a state prisoner who is represented by counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondents' motion for summary judgment. (ECF No. 13.) Mercer filed a response in opposition. (ECF No. 23.) Additionally, Mercer filed a motion to stay his habeas proceedings (ECF No. 8), to which the respondents filed a response in opposition (ECF No. 14) and Mercer replied (ECF No. 22). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondents' motion should be granted and Mercer's motion denied.

**BACKGROUND**

Mercer was indicted in February 2003 in Lexington County for murder, armed robbery, possession of a firearm while in the commission of a violent crime, and criminal conspiracy. (ECF No. 12-13.) On April 17-19, 2006, Mercer was tried before a jury and found guilty of murder, armed

robbery, and possession of a firearm while in the commission of a violent crime. On April 22, 2006, the jury found the existence of the presented aggravating factor and recommended a sentence of death. The circuit court sentenced Mercer to death for murder, thirty years' imprisonment for armed robbery,[1] and five years' imprisonment for the weapon conviction.

Mercer timely appealed and, following oral argument, the South Carolina Supreme Court issued an opinion affirming the convictions of the lower court. State v. Mercer, 672 S.E.2d 556 (2009). Mercer filed and was granted a petition for a stay of execution so that he could petition for certiorari review before the United States Supreme Court. (ECF Nos. 12-17 & 12-18.) The Supreme Court denied his petition for a writ of certiorari by order dated October 5, 2009. (App. at 3206, ECF No. 12-2 at 110.)

Mercer was granted a second stay of execution while he filed his post-conviction relief application. (ECF Nos. 12-19 & 12-21.) By order filed June 29, 2011, the PCR court granted relief as to the claim raised in Ground 9(b)(3) which alleged that trial counsel was deficient in not investigating and presenting evidence of a mental retardation claim on Mercer's behalf. In its order, the PCR court granted relief and vacated Mercer's death sentence, stating as follows:

> The Court finds, by a preponderance of the evidence, that Applicant has met his burden of proof in demonstrating that his trial attorneys rendered deficient performance by failing to investigate and present the issue of his mental retardation. Further, the Court finds that Applicant was prejudiced by his trial counsel's deficient performance because there exists, at a minimum, a reasonable probability of a different outcome had trial counsel properly investigated and presented a mental retardation claim. Accordingly, the sentence of death is vacated and this matter is remanded to the Court of General Sessions in Lexington County for a new sentencing trial. In accordance with Franklin v. Maynard, 356 S.C. 276, 588 S.E.2d 604 (2003), Applicant is entitled to a pre-trial determination by the trial judge concerning whether

---

[1] This sentence was a consecutive sentence to Mercer's earlier conviction for assault and battery with intent to kill.



or not Applicant is mentally retarded by a preponderance of the evidence offered at the pre-trial hearing.  If the trial judge finds Applicant is mentally retarded, then Applicant is not eligible for the death penalty and shall be resentenced. Id. at 279, 588 S.E.2d at 606.  If, however, the trial judge does not find that Applicant is mentally retarded, Applicant is nonetheless entitled to submit evidence of his mental retardation for the jury's consideration as a mitigating factor.  Id.  If the jury finds that mitigating factor, then a death sentence will not be imposed.  Id.

(App. at 4294-95, ECF No. 12-12 at 59-60.)  The PCR court denied relief as to all other claims, specifically finding that since Mercer could have raised his freestanding Eighth Amendment claim at trial and in his direct appeal, that claim was not properly presented to the PCR court.[2]  (App. at 4325-26, ECF No. 12-12 at 90-91.)  Both parties filed motions to alter or amend judgment, which were denied by the PCR court.  (App. at 4352, ECF No. 12-12 at 117.)  Both parties appealed the PCR court's decision by filing petitions for a writ of certiorari, which were denied by the South Carolina Supreme Court in its order filed September 6, 2013.  (ECF No. 12-27.)  The remittitur was issued September 24, 2013.  (ECF No. 12-28.)

## FEDERAL HABEAS ISSUE

Mercer's federal Petition for a writ of habeas corpus raises the following issue:

**Ground One:**   Petitioner is Categorically Inel[]igible for Capital Punishment Because [He] is Mentally Retarded.  Atkins v. Virginia, 536 U.S. 306 (2002).

(Pet., ECF No. 1.)

---

[2] Mercer's claim referenced by the PCR court states as follows: "Applicant's death sentence violates the Eighth Amendment to the United States Constitution and the corresponding provisions of the South Carolina Constitution due to the fact that he is mentally retarded.  Because Applicant has significantly sub-average intellectual functioning, existing concurrently with deficits in adaptive functioning, both which began before he was eighteen years old, he is ineligible for capital punishment.  Atkins v. Virginia, 536 U.S. 306 (2002); Franklin v. Maynard, 356 S.C. 276, 588 S.E.2d 604 (2003)."  (App. at 3256, ECF No. 12-3 at 46.)



## DISCUSSION

The respondents correctly argue that this Petition should be dismissed without prejudice. Although Mercer was originally sentenced to death for his murder conviction, his sentence was vacated in his PCR action, and he is currently awaiting resentencing. Mercer's Petition challenges whether on resentencing he can be sentenced to death for his murder conviction; however, since Mercer does not currently have a sentence for that conviction, he is not currently in custody pursuant to a state court judgment on that conviction.[3] Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Further, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). As Mercer is not currently in custody pursuant to the judgment of a State court on his murder conviction, this matter must be dismissed. See Harris v. Allen, 683 F. Supp. 2d 1284, 1289 (M.D. Ala. 2010) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007)). Stated simply, this Petition has been prematurely filed.[4]

For the above reasons, the court further finds that Mercer's motion for a stay (ECF No. 8) should be denied. Mercer's Petition consists of one claim for which Mercer has an available state remedy remaining in state court should the State again seek the death penalty for Mercer's murder

---

[3] It is undisputed that Mercer is currently serving sentences relating to other convictions not at issue in this Petition.

[4] To the extent that Mercer alternatively seeks to have this Petition converted to a petition under § 2241, the court observes that conversion would not afford Mercer the relief he seeks. See, e.g., Younger v. Harris, 401 U.S. 37 (1971).



conviction. Further, as conceded by the respondents, Mercer's statute of limitations for this claim has not yet commenced.

## RECOMMENDATION

Based on the foregoing, the court recommends that Mercer's motion to stay (ECF No. 8) be denied, the respondents' motion (ECF No. 13) be granted, and Mercer's Petition be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 20, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).