IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kevin Mercer, ) | Civil Action No.: 0:14-cv-2607-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan P. Stirling, *Commissioner,* ) | |
| *South Carolina Department of* ) | |
| *Corrections*; Joseph McFadden, ) | |
| *Warden of Lieber Correctional* ) | |
| *Institution*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Kevin Mercer ("Petitioner"), a state prisoner proceeding *pro se*, initiated this suit by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254[1] on June 26, 2014. *See* Pet., ECF No. 1. Petitioner also filed a motion to stay the habeas proceedings pending the resolution of plea discussions with the state in the underlying state criminal case. *See* ECF No. 8. Respondents filed a motion for summary judgment and return to the petition on August 7, 2014. *See* ECF Nos. 12–13. Respondents also filed a response in opposition to the motion to stay. *See* ECF No. 14. Petitioner then filed a reply in support of his motion to stay, *see* ECF No. 22, and a response in opposition to Respondents' motion for summary judgment, *see* ECF No. 23. The matter is now before the court for review of the Report and Recommendation ("R & R") of United States

---

[1] Petitioner initially characterized this petition as being brought pursuant to 28 U.S.C. § 2254(b) and (c), *Rhines v. Weber*, 544 U.S. 269 (2005), and *Pace v. Diguglielmo*, 544 U.S. 408 (2005). *See* Mot. to Stay, ECF No. 8 at 1. However, in later filings Petitioner argued that he is alternatively proceeding under 28 U.S.C. § 2241. *See generally* Pet.'s Resp. to Summ. J, ECF No. 23; Pet.'s Objs., ECF No. 27.

Magistrate Judge Paige J. Gossett.[2]  *See* R & R, ECF No. 26.  In her R & R, the Magistrate Judge recommends that Petitioner's motion to stay be denied, Respondents' motion for summary judgment be granted, and that the petition be dismissed without prejudice.  *See id.* at 5.

## BACKGROUND

Petitioner was tried before a jury on April 17–19, 2006, and was found guilty of murder, armed robbery, and possession of a firearm while in the commission of a violent crime.  *See* Order Granting Post Conviction Relief, ECF No. 12-12 at 14–15.  On April 22, 2006, the jury found the existence of the presented aggravating factor and recommended a sentence of death.  *See id.* at 15.  The Circuit Court then sentenced Petitioner to death for the murder charge, thirty years' imprisonment for the armed robbery charge,[3] and five years' imprisonment for the weapon conviction.  *See id.* at 15–16.  Petitioner is currently incarcerated at Broad River Correctional Institution in Columbia, South Carolina.

Petitioner appealed, but the Supreme Court of South Carolina issued an opinion affirming the convictions and sentences of the lower court.  *See State v. Mercer*, 672 S.E.2d 556 (S.C. 2009). Petitioner sought and received a stay of execution so that he could file a petition for a writ of certiorari to the United States Supreme Court.  *See* Pet. for Stay, ECF No 12-17; Order Granting Stay, ECF No. 12-18.  The Supreme Court denied Petitioner's petition by order dated October 5, 2009.  *See* ECF No. 12-2 at 110.

Petitioner then received a second stay of execution while he filed his post-conviction relief application.  *See* Order, ECF No. 12-21.  By order filed June 29, 2011, the PCR court granted relief

---

[2] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

[3] This sentence was a consecutive sentence to Petitioner's earlier conviction for assault and battery with intent to kill.

as to the claim raised in Ground 9(b)(3), which alleged that trial counsel was deficient in not investigating and presenting evidence of a mental retardation claim on Petitioner's behalf. *See* ECF No. 12-12 at 91–92. In its order, the PCR court granted relief on this ground and vacated Petitioner's death sentence, stating as follows:

> The Court finds, by a preponderance of the evidence, that Applicant has met his burden of proof in demonstrating that his trial attorneys rendered deficient performance by failing to investigate and present the issue of his mental retardation. Further, the Court finds that Applicant was prejudiced by his trial counsel's deficient performance because there exists, at a minimum, a reasonable probability of a different outcome had trial counsel properly investigated and presented a mental retardation claim. Accordingly, the sentence of death is vacated and this matter is remanded to the Court of General Sessions in Lexington County for a new sentencing trial. In accordance with *Franklin v. Maynard*, 356 S.C. 276, 588 S.E.2d 604 (2003), Applicant is entitled to a pre-trial determination by the trial judge concerning whether or not Applicant is mentally retarded by a preponderance of the evidence offered at the pre-trial hearing. If the trial judge finds Applicant is mentally retarded, then Applicant is not eligible for the death penalty and shall be resentenced. *Id.* at 279, 588 S.E.2d at 606. If, however, the trial judge does not find that Applicant is mentally retarded, Applicant is nonetheless entitled to submit evidence of his mental retardation for the jury's consideration as a mitigating factor. *Id.* If the jury finds that mitigating factor, then a death sentence will not be imposed. *Id.*

ECF No. 12-12 at 59-60. The PCR court denied relief as to all other claims, specifically finding that since Petitioner could have raised his freestanding Eighth Amendment claim at trial and in his direct appeal, that claim was not properly presented to the PCR court. *See* ECF No. 12-12 at 90–91. Both parties filed motions to alter or amend judgment, which were denied by the PCR court. *See* Form 4 Order, ECF No. 12-12 at 117. Both parties appealed the PCR court's decision by filing petitions for a writ of certiorari, which were denied by the South Carolina Supreme Court in its order filed September 6, 2013. *See* Order, ECF No. 12-27. The remittitur was issued September 24, 2013. *See* Remittitur, ECF No. 12-28.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

4

**DISCUSSION**

**I.     R & R and Objections**

In the R & R, the Magistrate Judge recommends the Court dismiss the Petition without prejudice, as Petitioner's death sentence was vacated in the PCR action. *See* ECF No. 26 at 4. The Magistrate Judge noted that Petitioner challenges whether he can receive a sentence of death at the resentencing for his murder conviction, but reasons that since he does not currently have a sentence for that conviction, he is not currently "in custody" pursuant to a state court judgment on that conviction. *See id.* (citing 28 U.S.C. § 2254). The Magistrate Judge explained that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). The Magistrate Judge then found that, as Petitioner is not currently in custody pursuant to the judgment of a state court on the murder conviction, this matter must be dismissed. *See* ECF No. 26 at 4. The Magistrate Judge also noted, that to the extent Petitioner seeks to convert his petition to a § 2241, that conversion would not afford him the relief he seeks. *See id.* at 4 n.4 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Finally, the Magistrate Judge found that Petitioner's motion for a stay should also be denied, as Petitioner has an available state remedy and, as conceded by Respondents, his statute of limitations for this claim has not yet commenced. *See id.* at 4–5.

Petitioner timely filed objections to the R & R. *See* Pet.'s Objs., ECF No. 27. Petitioner first objects to the Magistrate Judge's determination that Petitioner is not "in custody" pursuant to a state court judgment for his murder conviction, on which he has yet to be resentenced. *See id.* at 1. Petitioner argues that § 2241 is broader and is not restricted solely to persons in custody pursuant to the judgment of a state court. *See id.* at 1–2. Petitioner then objects to the Magistrate Judge's determination that § 2241 would not afford Petitioner the relief he seeks. *See id.* at 2. Petitioner

5

argues that the Magistrate Judge erred in relying on *Younger*, as abstention is inappropriate in this case. *See id.* at 2. Petitioner argues that there are no ongoing state judicial proceedings, as the state is merely holding Petitioner in custody pending its plan to seek another death sentence at some indeterminate point in the future. *See id.* at 3. Petitioner then argues that he has fairly presented the claim that is asserted before this court, his claim pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002), and fully exhausted it. *See id.* at 4. Petitioner notes that the state court did not address the merits of this claim, instead remanding on the ineffective assistance of counsel ground. *See id.* Finally, Petitioner argues that any resentencing proceeding will not be an adequate opportunity for Petitioner to raise the *Atkins* claim. *See id.* at 4–5.

**II.    Analysis**

Petitioner, therefore, does not appear to contest the Magistrate Judge's determination that proceeding under § 2254 is inappropriate at this juncture. As the Magistrate Judge correctly noted, Petitioner no longer has a sentence of death and has not yet been resentenced on the murder conviction, and thus he is not "in custody" pursuant to a state court judgment with regard to the murder conviction, as contemplated by § 2254. *See generally* ECF No. 26 at 4. Accordingly, finding no clear error the Court adopts the Magistrate Judge's analysis on this point as its own, and finds that to the extent Petitioner is preceding under § 2254, the petition should be dismissed as it is premature.

As noted above, Petitioner's objections all relate to whether he is "in custody" pursuant to § 2241, and whether he should be allowed to assert his claim under that section. Petitioner argues that the elements for *Younger* abstention do not appear to be met in this matter. *See, e.g.*, *Moore v. City of Asheville*, 396 F.3d 385, 390 (4th Cir. 2005) (finding that a federal court should abstain from interfering in state proceedings where: (1) there is an ongoing state judicial proceeding, instituted

6

prior to any substantial progress in the federal proceeding; (2) that implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the petitioner to raise the federal constitutional claim advanced in the federal lawsuit (citation omitted)). The Court notes, however, that it need not reach the *Younger* issue, as Petitioner has not sufficiently established that the relief he seeks is cognizable in a § 2241 petition.[4]

As this Court has previously noted, "[u]nlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Boyd v. South Carolina*, No. 1:11-2981-TMC, 2012 WL 786356, at *1 (D.S.C. Mar. 9, 2012) (quoting *Clemmons v. South Carolina*, No. 0:08-cv-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008)). § 2241 is also the avenue by which persons in pre-trial detention may challenge the legality of their detention. *See, e.g.*, *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (noting that

---

[4] In any event, the Court notes that the elements of *Younger* elements may very well be met in this case. *See Moore*, 396 F.3d at 390. The state proceedings are still pending (Petitioner has yet to be resentenced on the murder charge), and were instituted prior to this federal proceeding. Moreover, the state's interest in resentencing an individual convicted of murder in its courts is an important, substantial, and vital interest. Finally, it does appear that Petitioner would be able to raise the federal constitutional claim advanced in this suit in the state proceedings. Petitioner is correct that the PCR court remanded on only one ground: counsel's ineffectiveness in investigating and presenting evidence of a mental retardation claim on Petitioner's behalf. Petitioner argues that this would prohibit him from arguing his *Atkins* claim that he is categorically ineligible for the death penalty. The scope of the remand, however, was quite broad. The PCR Judge specifically held that Petitioner would be entitled to a hearing prior to resentencing to determine whether he is eligible for the death penalty at all pursuant to *Franklin v. Maynard*. In *Franklin*, the Supreme Court of South Carolina addressed the application of *Atkins* to criminal prosecutions in South Carolina courts, and set forth the proper procedure for ensuring compliance with that decision. *See* 588 S.E.2d 604, 606 (S.C. 2003). In that case, the Supreme Court held that the proper procedure "to be used in making the mental retardation determination in post-*Atkins* cases" was for the trial judge "to make the determination in a pre-trial hearing . . . after hearing evidence, including expert testimony, from both the defendant and the State." *Id.* The PCR court's remand in this case will afford Petitioner such a remedy.

7

§ 2241 is broader than § 2254, which applies only to persons "in custody pursuant to the judgment of a State court"). Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust any alternate remedies prior to seeking review under this section. *See Timms v. Johns*, 627 F.3d 525, 531 n.5 (4th Cir. 2010) (noting that "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before we conduct habeas review of the detention").

The Court finds that proceeding under § 2241 would be inappropriate for the relief Petitioner seeks. First and foremost, to the extent Petitioner seeks to challenge a sentence that has not yet been imposed, this action is not ripe. The basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985) (citation and internal quotation marks omitted); *see also Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006). Ripeness becomes an issue when a case is anchored "upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted). "A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Miller*, 462 F.3d at 319 (citing *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992)). The doctrine is based on the fact that it is not this Court's role to issue advisory opinions. *See FCC v. Pacifica Found.*, 438 U.S. 726, 735 (1978) ("[F]ederal courts have never been empowered to issue advisory opinions."); *see also Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007) ("Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law

8

or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy.").

It is undisputed that Petitioner is not presently subject to a death sentence. It is uncertain whether the state will seek the death penalty at resentencing. As Petitioner acknowledges, plea negotiations are still ongoing, *see* ECF No. 8 at 3, and the state may very well exercise its discretion and decline to seek the death penalty again. Moreover, the state court may find that a sentence of death is inappropriate. However, as Petitioner notes, he may very well end up facing another death sentence. The only certainty is that this Court cannot predict the future. To issue a ruling on whether or not Petitioner is eligible to receive a death sentence when one has yet to be imposed would be a classic instance of this Court rendering an improper advisory opinion. Accordingly, the Court declines to do so. If Petitioner is indeed resentenced to death, he may bring his challenge before this Court at that time.

Furthermore, the Court finds that the relief sought by Petitioner is not cognizable under § 2241. The purpose of habeas corpus is to challenge the legality of a petitioner's confinement or the execution of his sentence. As the cases noted above explain, § 2241 is typically used to challenge things outside of the standard "judgment," meaning conviction and sentence, challenges to which are properly brought via § 2254 for state inmates. For example, a state pretrial/presentencing detainee may use § 2241 to challenge the legality of his pretrial/presentencing detention.[5] Here,

---

[5] An example where a pretrial habeas review under § 2241 would be appropriate is where the petitioner presents a colorable claim that a prospective state prosecution runs afoul of double jeopardy, provided any state remedies were properly exhausted. *See Donaldson v. Bova*, 552 Fed. App'x 554, 559 n.6 (6th Cir. 2014); *Walk v. Edmondson*, 472 F.3d 1227, 1233–34 (10th Cir. 2007). Another example would be certain speedy-trial claims. *See Chavis v. Pennsylvania*, 434 Fed. App'x 50, 51 (3d Cir. 2011); *see also United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (in the context of a federal prisoner, holding that "a defendant who is in custody awaiting arraignment and/or trial is not without the ability to seek a remedy for the time he or she spends incarcerated without benefit of a timely arraignment and/or speedy trial.").

Petitioner does not challenge the <u>legality</u> of his confinement pending resentencing,[6] as it is undisputed that Petitioner is being held by the State of South Carolina in conjunction with his convictions and sentences for firearms possession, armed robbery, and assault and battery with intent to kill. *See* Inmate Search, S.C. Dep't of Corrections, *available at* http://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000360547 (last visited Mar. 4, 2015). Petitioner does not assert any sort of speedy trial violation, or allege any double jeopardy concerns. Instead, Petitioner contends that he is "categorically ineligible for capital punishment because he is mentally retarded." *See* ECF No. 1 at 5 (noting the sole ground for federal habeas relief). In other words, Petitioner seeks to challenge the state's ability to impose the death penalty against him due to his mental capacity. This sort of claim is not contemplated by § 2241, particularly where, as noted above, Petitioner is no longer facing a death sentence and it is uncertain whether the state will even seek the death penalty again.

Finally, the Court finds that dismissal is also warranted due to Plaintiff's failure to exhaust his state court remedies. As noted above, Petitioner correctly states that the PCR court remanded the matter on only one ground. However, the scope of the remand was very broad, granting Petitioner a full resentencing trial, as well as a pre-trial hearing to determine whether he is mentally

---

[6] Petitioner makes it clear in his Petition that the only ground asserted in this federal habeas action is that: "Petitioner is categorically ineligible for capital punishment because he is mentally retarded. *Atkins v. Virginia*, 536 U.S. 306 (2012)." The petition does not purport to seek any additional relief, such as requiring the state to proceed with the resentencing or Petitioner's removal from the special management unit. It was not until Petitioner's reply to Respondents' motion that he first asserted that he was "currently being held under very restrictive conditions in a Special Management Unit at Broad River based on the [SCDC's] contention that anyone facing a death sentence must be held in SMU confinement until the sentence is resolved." *See* ECF No. 23 at 5. This assertion is only made, however, in support of Petitioner's argument that he is "in custody" under § 2241 for purposes of this action. Petitioner does not suggest that a separate claim for habeas relief is being pursued solely based on the legality of his housing in the SMU or the length of time that has passed while his sentencing is pending.

10

retarded and/or eligible for the death penalty. The broad scope of the remand affords Petitioner the ability to raise the claim asserted in this federal action in the state resentencing proceeding.[7]

### III.  Motion to Stay

Therefore, for the reasons stated above, the Court finds that the petition should be dismissed without prejudice. For the same reasons, the Court finds that a stay would be inappropriate. Because Petitioner has been granted a new sentencing proceeding, the AEDPA statute of limitations has not yet begun to run, at the very least, with regard to challenges related to his sentence. *See Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011) ("[W]hen a petitioner is resentenced after AEDPA's one-year statute of limitations has expired for the original judgment of conviction and sentence, the judgment entered upon resentencing constitutes a new judgment holding the petitioner in confinement. A new judgment resets the statute of limitations clock and a petitioner may challenge both the underlying conviction and the resentencing.") (citing *Ferreira v. Sec'y, the Dep't of Corrs*, 494 F.3d 1286 (11th Cir. 2007) ("*Ferreira II*")); *Harper v. Ballard*, No. 3:12–00653, 2013 WL 285412, at *5 (S.D.W. Va. Jan. 24, 2013) ("In habeas cases decided after *Burton*, district courts within the Sixth Circuit and elsewhere have held that when a petitioner has been resentenced, the underlying conviction and most recent sentence authorizing the petitioner's detention together constitute the relevant judgment for statute of limitation purposes. In those

---

[7] To the extent the Petitioner objects to the PCR court's failure to make a finding on the merits of his *Atkins* claim, the Court notes that, in all likelihood, Petitioner received the same remedy he would have received had the PCR court found in his favor on that claim (vacating of the sentence and remand for resentencing). *See* 17 S.C. Jur. Post-Conviction Relief § 25 ("Historically, there have been four remedies typically available in a post-conviction relief action: (1) vacate the conviction and remand to the Court of General Sessions for a new trial; (2) vacate the conviction; (3) vacate the sentence and remand to the Court of General Sessions for resentencing; and (4) dismiss the application."). Furthermore, this determination is not properly made by the PCR court. As the Supreme Court of South Carolina detailed, the proper procedure for making an *Atkins* mental retardation determination is for the trial judge to issue a ruling after a pre-trial hearing. Here, the PCR court directed such a proceeding to occur on remand, in addition to a resentencing.

11

circumstances, a timely filed habeas petition may properly raise issues concerning the resentencing and the underlying conviction."); *but see O'Dell v. Plumley*, No. 1:14CV73, 2015 WL 500530, at *4 (N.D.W. Va. Feb. 5, 2015) ("If the petitioner only challenges his original conviction, however, and not the resentencing, the statute of limitations begins to run from the date that his original conviction became final."). Additionally, Respondents have conceded that the statute of limitations has not yet commenced on the claim Petitioner asserts in this action. As a result, Petitioner will not be prejudiced by the Court declining to hear his claim at this juncture.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

The Court has thoroughly reviewed the entire record. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Respondents' motion for summary judgment, ECF No. 13, is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**

*without prejudice*.  **IT IS FURTHER ORDERED** that Petitioner's motion to stay, ECF No. 8, is **DENIED**.

Finally, **IT IS ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 20, 2015